IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BROADCAST MUSIC, INC., *et al.*,

    *Plaintiffs*,

v.

THE BAR NEXT DOOR, LLC d/b/a THE IRISH PUB NEXT DOOR, *et al.*,

    *Defendants*.

Case No. 1:24-cv-02518-ABA

**MEMORANDUM OPINION**

    Plaintiffs Broadcast Music, Inc. ("BMI"), Still Working for the Man Music, Inc., Showbilly Music, Warner-Tamerlane Publishing Corp., Man-Ken Music, LTD, and Brew Music Company (collectively, the "Plaintiffs") have sued Defendants The Bar Next Door, LLC d/b/a The Irish Pub Next Door and Angelica Benjamen (collectively, the "Defendants") for copyright infringement. Plaintiffs allege that Defendants publicly featured performances of musical works licensed by BMI without proper authorization. Despite proper service, Defendants failed to respond to the Complaint. Plaintiffs subsequently moved for entry of default against all Defendants, and default was entered on December 22, 2024. Plaintiffs now have filed a motion for default judgment. Defendants have not appeared in the case or filed a response to the motion.

**I.    BACKGROUND**

    Plaintiffs assert that BMI holds the right to license public performance rights in approximately 22.4 million copyrighted musical compositions (the "BMI Repertoire"). ECF No. 1 ¶ 3. This right allows BMI to authorize music users, such as broadcasters, restaurants, and nightclubs, to publicly perform works in its repertoire through blanket

license agreements. ECF No. 23-1 at 2; ECF No. 23-2 ¶ 2. Within the BMI Repertoire are compositions with copyrights owned by Plaintiffs other than BMI. ECF No. 1 ¶¶ 4–9. Prior to February 2023, BMI learned that Defendants, which own and operate The Irish Pub Next Door, located at 4584 Mountain Road, Pasadena, Maryland 21122, were publicly featuring performances of works from the BMI Repertoire without a license. *Id*. ¶¶ 10–14, 16–17; ECF No. 23-3 ¶ 3. Between February 7, 2023 and August 29, 2024 (the commencement of this suit), BMI contacted Defendants at least forty-eight times by phone, mail, and email to advise them of their obligations under the Copyright Act, to offer a blanket license agreement, and then to order them to cease and desist usage of BMI-licensed music. ECF No. 1 ¶ 16; ECF No. 23-1 at 2; ECF No. 23-3 ¶¶ 3–6.[1] Defendants did not respond to any of these communications. ECF No. 23-1 at 2; ECF No. 23-3 ¶¶ 3, 9.

On August 29, 2024, Plaintiffs brought the present case alleging four claims of willful copyright infringement. ECF No. 1. Defendants were served on September 17, 2024 and, therefore, were required to file responsive pleadings by October 8, 2024.[2] ECF Nos. 9, 10. On October 21, 2024, Plaintiffs filed a Motion for Clerk's Entry of Default, which was entered on October 22, 2024. ECF Nos. 13, 14. On March 11, 2025, Plaintiffs filed a motion for default judgment. ECF No. 23. For the following reasons, the motion will be granted in part and denied in part.

---

[1] Although the complaint alleges over 65 communication attempts, ECF No. 1 ¶ 16, the motion for default judgment states that BMI's records indicate 30 phone calls and 18 emails and letters for a total of 48 communication attempts, ECF No. 23-1 at 2.

[2] The Clerk's Entry of Default states that service occurred on September 10, 2024 and the response deadline was October 1, 2024. ECF No. 14. This error in the date of service is immaterial as the default was still entered 14 days after the Defendants' deadline.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 55(a) provides that "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Under Rule 55(b), if a complaint does not specify a "sum certain" amount of damages, the court may enter a default judgment against the defendant. Fed. R. Civ. P. 55(b)(1)–(2). In considering such motion, "the court accepts as true the well-pleaded allegations in the complaint but must determine whether those allegations 'support the relief sought in this action.'" *Parrish v. Leithman*, 733 F. Supp. 3d 371, 373 (D. Md. 2024) (quoting *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). Default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013) (quoting *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

If default judgment is warranted, the Court must then "make an independent determination regarding damages and cannot accept as true factual allegations of damages." *Parrish*, 733 F. Supp. 3d. at 373–74 (quoting *Int'l Painters*, 919 F. Supp. 2d at 684). The movant "bears the burden of establishing entitlement to recovery." *Id.* at 374 (citing *United States v. Nazarian*, Case No. 10-cv-2962, 2012 WL 2045944, at *3 (D. Md. June 5, 2012)).

## III. DISCUSSION

### A. Liability

In the complaint, Plaintiffs assert four claims of willful copyright infringement under the U.S. Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq*. (the

"Copyright Act"). ECF No. 1 ¶¶ 1, 17. "Anyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright." 17 U.S.C. § 501(a).

The complaint includes a Schedule that identifies some of the musical compositions the copyrights of which Plaintiffs allege Defendants infringed by featuring performances at The Irish Pub Next Door. ECF No. 1 ¶ 18; ECF No. 1-1. The Schedule sets forth the publisher Plaintiff of the compositions, the copyright registration numbers, and the dates and locations of infringement. ECF No. 1 ¶ 18; ECF No. 1-1. Plaintiffs explain that they confirmed these incidents of infringement by sending authorized agents to visit The Irish Pub Next Door on two different occasions. ECF No. 23-3 ¶¶ 10–14. On both occasions, the agents recorded performances that included compositions from the BMI Repertoire. *Id*. Finally, Plaintiffs allege that they sent multiple notices and requests to Defendants both before and after their investigation to either cease the usage of copyrighted music or to enter into a licensing agreement with them. ECF No. 1 ¶ 16, ECF No. 23-1 at 2; ECF No. 23-3 ¶¶ 3–14. With the factual allegations accepted as true, Plaintiffs have established that Defendants violated the Copyright Act.

### B. Damages

In the motion for default judgment, Plaintiffs request the following relief: (a) a permanent injunction prohibiting Defendants from further infringing copyrighted musical compositions licensed by BMI pursuant to 17 U.S.C. § 502; (b) statutory damages of $12,000 ($3,000 per infringement) pursuant to 17 U.S.C. § 504(c); (c) $2,500 in attorneys' fees and $505 in litigation costs pursuant to 17 U.S.C. § 505; and (d) interest pursuant to 28 U.S.C. § 1961. ECF No. 23 at 1; ECF No. 23-1 at 4–5.

In determining the amount of damages, "the court can 'rely [ ] on affidavits or documentary evidence in the record to determine the appropriate sum.'" *Parrish*, 733 F. Supp. 3d at 374 (quoting *Int'l Painters*, 919 F. Supp. 2d at 684).

### i.     Defendants are enjoined from further infringement

Under 17 U.S.C. § 502, as a remedy for copyright infringement, the Court has authority to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Accordingly, the Court will order that Defendants be permanently enjoined from further infringement of any copyrighted musical compositions licensed by BMI.

### ii.     Plaintiffs are entitled to $10,500 in statutory damages

Under 17 U.S.C. § 504(c)(1), courts have discretion to award statutory damages ranging from $750 to $30,000 per act of copyright infringement. *See Jet Creations, Inc. v. Zhejiang Weilong Plastic Prod. Co.*, Case No. 24-cv-1340-JKB, 2025 WL 2533667, at *7 (D. Md. Sept. 3, 2025) (quoting *Malibu Media, LLC v. [Redacted]*, Case No. 14-cv-261-PWG, 2017 WL 633315, at *2 (D. Md. Feb. 15, 2017)) ("The court has broad discretion in setting the amount of statutory damages under the Copyright Act."). "[C]ourts within the Fourth Circuit consider several factors when awarding statutory damages including: (1) the expenses saved and the profits earned by the defendant in connection with infringement, (2) revenues lost to the plaintiff, (3) the willfulness of the infringement, (4) the conduct of the parties, and (5) the deterrent effect on the defendant." *Id.* (quoting *Broad. Music, Inc. v. Acapulco, Inc.*, Case No. 22-cv-147, 2024 WL 1181877, at *3 (E.D. Va. Mar. 19, 2024)). Courts have generally found statutory damages equal to approximately two or three times the amount a plaintiff would have received in licensing fees to be reasonable. *See Broad. Music Inc. v.*

5

*Santoro, Inc.*, Case No. 16-cv-399, 2016 WL 1571999, at *1 (D. Md. April 19, 2016) (citing *Broad. Music, Inc. v. Star Amusements, Inc.*, 44 F.3d 485, 488, 489 (7th Cir. 1995); *Canopy Music Inc. v. Harbor Cities Broad., Inc.*, 950 F. Supp. 913, 917 (E.D. Wis. 1997)) (each awarding statutory damages of approximately twice the licensing fee); *see also Dream Dealers Music v. Parker*, 924 F. Supp. 1146, 1153 (S.D. Ala. 1996); *Major Bob Music v. Stubbs*, 851 F. Supp. 475, 481 (S.D. Ga. 1994) (each awarding statutory damages of approximately three times the licensing fee). Should a plaintiff meet the burden of proving that the infringement was committed willfully, then a court has discretion to increase the award of statutory damages to a sum up to $150,000. 17 U.S.C. § 504(c)(2).

In support of their motion, Plaintiffs submitted a declaration from John Flynn, BMI's Assistant Vice President of Licensing. EFC No. 23-3. Mr. Flynn avers that had Defendants entered into a licensing agreement at the time BMI first contacted them in February 2023, the estimate licensing fee between then and the filing of the motion would be approximately $3,487.50. *Id.* ¶ 18. Plaintiffs request a total statutory award of $12,000, which is 3.44 times the amount they would have otherwise received. Plaintiffs do not point to any case in which more than three times the licensing fee has been deemed to be a reasonable statutory award or seek increased damages based on a willfulness theory. The Court finds that three times the amount Plaintiffs would have received had Defendants entered into a licensing agreement with them is reasonable as compensation to Plaintiffs and as a deterrent for Defendants. Therefore, the Court will grant Plaintiffs' request for statutory damages but decrease the total award to $10,500 (approximately three times the $3,487.50 licensing fee).

### iii. Plaintiffs are entitled to actual attorneys' fees and litigation costs

Attorneys' fees are calculated using the lodestar method, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In deciding whether the number of hours spent and the rate are reasonable, courts consider these twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009) (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978)).

Plaintiffs seek recovery of $2,500 in attorneys' fees and $505 in litigation costs. ECF No. 23 at 1; ECF 23-1 at 4. Plaintiffs' supporting documentation reflect that counsel spent approximately 3.8 hours at $300 per hour and approximately 1 hour at $275 per hour, for a total of $1,415. ECF No. 23-5. Plaintiffs' affidavit and supporting documentation indicate an additional $540 in attorneys' fees related to the drafting and filing of this motion, which, based on the rates, is approximately 1.5–2 hours of work. ECF No. 23-4 ¶ 3; ECF No. 23-5 at 1. Plaintiffs' affidavit attests that lead counsel has been licensed to practice in Maryland for 15 years and an attorney search shows that former co-counsel on this case has been licensed to practice for approximately 5 years.

ECF No. 23-4 ¶¶ 2–3. The rates for counsel are within the range provided in the "Guidelines Regarding Hourly Rates" in Appendix B of the Local Rules. Considering the factors listed above and the documentation provided by Plaintiffs, the Court concludes that the time spent and the rates applied, which sum to $1,955, are reasonable. Plaintiffs' motion for default judgment seeks an additional $545—the difference between the lodestar reflected in the supporting materials and the $2,500 requested. Plaintiffs have not tied that additional amount to hours spent by counsel, and thus the Court lacks an evidentiary basis for that additional fee award. Plaintiffs will be awarded their full fees for which they have submitted hourly records, totaling $1,955.

Plaintiffs also seek $505 in litigation costs, which includes fees to file and serve the complaint, ECF No. 23-5 at 1, 2, 6, which the Court also concludes are reasonable.

Therefore, the Court will grant Plaintiffs' request for attorneys' fees up to the amount provided for in the supporting documentation, $1,955, and litigation costs of $505.

### iv.     Plaintiffs are entitled to interest on the judgment

Finally, Plaintiffs seek post-judgment interest on the statutory damages, attorneys' fees, and litigation costs. ECF No. 23 at 1; ECF No. 23-1 at 5. The Court grants this request pursuant to 28 U.S.C. § 1961. Interest will accrue from the date of this Memorandum Opinion.

## IV.     Conclusion

For the foregoing reasons, the motion for default judgment (ECF No. 23) is granted in part and denied in part. Defendants are liable to Plaintiffs for copyright infringement and will be enjoined from further infringement. The Court will award $10,500 in statutory damages, $1,955 in attorneys' fees, and $505 in litigation costs,

totaling $12,960. Plaintiffs are also awarded interest under 28 U.S.C. § 1961 accruing from the date of this Memorandum Opinion. A separate order of judgment follows.

Date:  October 20, 2025                                    /s/
                                                    Adam B. Abelson
                                                    United States District Judge